# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

## UNITED STATES OF AMERICA

-vs-                                    **Case No. 4:08-CR-49-01-HLM**

**CLIFF L. WADE**                       **Defendant's Attorney:**
                                        **WILLIAM F. SPARKS, ESQ.**

---

## JUDGMENT IN A CRIMINAL CASE
## (For Offenses Committed On or After November 1, 1987)

The defendant plead guilty to **Count(s) One (1) of the Indictment**.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 18 U.S.C. 1030(a)(5)(A)(I) | Computer Intrusion | 1 |
| 18 U.S.C. 1030(a)(5)(B)(I)&(c)(4)(A) | | |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay the special assessment of **$ 100.00** which shall be due immediately.

The Court finds that the defendant does not have the ability to pay a fine and cost of incarceration . The Court will waive the fine and cost of incarceration in this case.

4:08-CR-49-01-HLM : CLIFF L. WADE

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.5987 Date of Imposition of Sentence: January 21, 2009
Defendant's Date of Birth:        1971
Defendant's Mailing Address:
Rome, Georgia 30165

Signed this the _____ day of January 2009.


HAROLD L. MURPHY
UNITED STATES DISTRICT JUDGE

4:08-CR-49-01-HLM : CLIFF L. WADE

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **Eight (8) months**.

The Court recommends to the Bureau of Prisons that the defendant be allowed to serve his sentence at the federal prison camp located in Atlanta, Georgia.

The Court finds that the defendant has been in federal custody for the instant federal offense since November 6, 2008.

The defendant is remanded to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows:

_____

_____

Defendant   delivered   on   _____   to
_____

at _____, with a
certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

4:08-CR-49-01-HLM : CLIFF L. WADE

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **Three (3) years**.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance.  The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below).  If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release.  The defendant shall comply with the following additional conditions:

1.   The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

2.   The defendant shall pay restitution in the amount of Nine Thousand One Hundred Sixty-nine and 82/100 Dollars ($9,169.82) to the victim listed in the Presentence Report.

3.   The defendant shall notify the United States Attorney for this district within thirty (30) days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

4.   The defendant shall pay his restitution in monthly installments of not less than Two Hundred Fifty-Five and 00/100 Dollars ($255.00) over a period of thirty-six (36) months to commence thirty (30) days after the defendant's release from custody. The restitution payment schedule may be modified by the United States Probation Officer based on the defendant's financial status during the term of supervised release.

4:08-CR-49-01-HLM : CLIFF L. WADE

5.    The defendant shall perform One Hundred (100) hours of community service as directed by the United States Probation Officer.

6.    The defendant shall make a full and a complete disclosure of his finances and submit to an audit of financial documents, at the request of the United States Probation Officer.

7.    The defendant shall not incur new credit charges or open additional lines of credit without the approval of the United States Probation Officer.

8.    The defendant shall submit to one (1) drug urinalysis within fifteen (15) days after being placed on supervision and at least two (2)  periodic tests thereafter.

9.    The defendant shall not own, posses or have under his control any firearm, dangerous weapon or other destructive device.

10.   The defendant shall submit to a search of his person, property, both real or personal, residence, place of business or employment, and vehicle at the request of the United States Probation Officer.

11.   Pursuant to the Justice For All Act of 2004, effective October 30, 2004, requires DNA testing of all defendants convicted of qualifying offenses pursuant to 18 U.S.C. 3583(d).   The defendant shall cooperate in the collection of a DNA sample form the defendant, if the collection of such a sample is authorized pursuant to §3 of the DNA Analysis Backlog Elimination Act of 2000.

4:08-CR-49-01-HLM : CLIFF L. WADE

# STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime.  In addition:

1.  The defendant shall not leave the judicial district without the permission of the court or probation officer;

2.  The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3.  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4.  The defendant shall support his or her dependents and meet other family responsibilities;

5.  The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6.  The defendant shall notify the probation officer within **72** hours of any change in residence or employment;

7.  The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

4:08-CR-49-01-HLM : CLIFF L. WADE

8.   The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9.   The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10.  The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11.  The defendant shall notify the probation officer within **72** hours of being arrested or questioned by a law enforcement officer;

12.  The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13.  As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## RESTITUTION

The defendant shall make restitution to the following victim in the following amounts:

| Name of Payee | Amount of Restitution |
| --- | --- |
| HG | $9,169.82 |

The defendant shall notify the United States Attorney for this district within thirty (30) days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

The defendant shall pay his restitution in monthly installments of not less than Two Hundred Fifty-Five and 00/100 Dollars ($255.00) over a period of thirty-six (36) months to commence thirty (30) days after the defendant's release from custody. The restitution payment schedule may be modified by the United States Probation Officer based on the defendant's financial status during the term of supervised release.